# In the United States Court of Federal Claims

No. 26-645C
Filed: July 17, 2026
NOT FOR PUBLICATION

| |
|---|
| **YURI ROYTMAN,** |
| *Plaintiff,* |
| **v.** |
| **UNITED STATES,** |
| *Defendant.* |

## ORDER

On May 1, 2026, the plaintiff, Yuri Roytman, president and owner of Arsenal Star, LLC ("Arsenal Star"), a limited liability company incorporated in the state of Florida, filed this complaint in his personal capacity and without a lawyer.  The plaintiff seeks $6.5 million in just compensation for damages to Arsenal Star attributable to the cancellation of licenses to export ammunition.  The plaintiff alleges the defendant, acting through the Bureau of Industry and Security ("BIS") at the Department of Commerce revoked Arsenal Star's export licenses and denied its application for a new export license.  According to the plaintiff, BIS's actions caused Arsenal Star to lose revenue and declare insolvency.

On June 26, 2026, the defendant moved to dismiss or, in the alternative, to stay the case. The defendant argued that Arsenal Star, not Mr. Roytman, is the real party in interest and must be the party plaintiff in the case.  In addition, because Mr. Roytman is not a lawyer, he may not represent Arsenal Star, even as its owner, under Rule 83.1(a)(4) of the Rules of the Court of Federal Claims ("RCFC").

The plaintiff responded to the defendant's motion on July 13, 2026.  He did not challenge or rebut the defendant's argument that Arsenal Star is the real party in interest but argued only that dismissal is not the appropriate remedy.  Instead, the plaintiff requested that the case be stayed to allow him a reasonable opportunity to cure any procedural defect by seeking lawyer to enter an appearance and file an amended complaint.

RCFC 17(a)(1) provides that "an action must be prosecuted in the name of the real party in interest."  *See Grass Valley Terrace v. United States*, 69 Fed. Cl. 543, 546 (2006).  The "real party in interest" is "the party that 'possesses the right to be enforced.'"  *Id*. (quoting *Mitchell Food Prod., Inc. v. United States*, 43 F. App'x 369 (Fed. Cir. 2002)).

According to the complaint, BIS revoked four export licenses that were held by Arsenal Star and denied the application submitted by Arsenal Star for a fifth export license.  Mr.

Roytman, in his personal capacity, did not hold or apply for any export licenses from BIS.  Thus, the plaintiff is not the appropriate plaintiff; Arsenal Star is the real party in interest, and the suit must be prosecuted in its name under RCFC 17(a)(1).  Because Mr. Roytman is admittedly not a lawyer, he is unable to represent his company under RCFC 83(a)(4).  The motion to dismiss is **GRANTED**.

Under RCFC 17(a)(3), the failure to name the proper party as the plaintiff should not result in the dismissal of an action "until . . . a reasonable time has been allowed for the real party in interest to . . . be substituted into the action."  In accord with this provision, the plaintiff must be given the opportunity to correct the defect identified in the motion to dismiss.

The plaintiff has been on notice since the defendant filed the motion to dismiss that the case was not brought by the real party in interest.  The plaintiff will therefore be allowed an additional 30 days before the entry of judgment dismissing the case.  Within 30 days, counsel for Arsenal Star must enter an appearance and file an amended complaint.  If no amended complaint is filed within 30 days, judgment will be entered after **August 17, 2026**, dismissing the complaint without prejudice.  Because that dismissal will be without prejudice, Arsenal Star will be able to refile the suit under its own name at any time within the statute of limitations.  If new counsel enters an appearance by August 17, 2026, such counsel may, upon entering an appearance, request additional time to prepare and file an amended complaint.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

2